## ANNANIAS HUDSON v. WILLIAM TOWNSEND.

Court of Common Pleas.   Sussex.   April, 1795.

*Wilson's Red Book, 73.*

*Wilson* for the plaintiff.   *Ridgely* for defendant.

Plaintiff's testimony being gone through, *Ridgely* moved for a nonsuit on the ground that plaintiff was landlord and not in actual possession, insisting that the tenant might recover and defendant was not answerable to both.

*Wilson* urged that the injury was done to the plaintiff and not to the tenant, but that plaintiff was in possession from the evidence; and, while considering the evidence, was informed by his client that he put creatures on the ground and tended a part of it, and would have called the same witnesses who had been sworn, to inquire further on the subject. But *Ridgely* objected to it, and the court, although I insisted that the witnesses had been sworn to tell the whole truth, that I could not divine that this objection would be made, and that I had often known witnesses called a second time, that it was done in *Lingo and Rigua* on the second day. But BASSETT, C. J., said it was improper and it could not be done; that he was of counsel in that case and remembered no such

thing, but said he would not determine the case now, and advised to save the point.

A verdict was taken. The jury gave twenty dollars damages and a case made out of the evidence as follows to be argued at next term·

### *Annanias Hudson v. William Townsend.*

#### Court of Common Pleas.

Trespass *vi* and *armis.*

Trial and verdict for the plaintiff, subject to the following case stated for the opinion of the Court:

The plaintiff in this cause declared against the defendant that he, the defendant, on the 31st April, 1793, with force etc. the close of him, the said plaintiff, did break and enter and 300 white oak trees and 200 red oak trees of him the said plaintiff, then there standing and growing, did cut down etc. *prout* the declaration.

The plaintiff in this cause proved that he had lived on the land called Powel's lot, which is the close mentioned in the declaration, some years ago; that at the time of the supposed trespass, one Tingle tended the said land in the declaration mentioned and was tenant thereof for years under the plaintiff. That there was no evidence of any reservation of the woodland belonging to the said premises. The cleared land belonging to the said premises is in Worcester county in Maryland, but the cleared land does not quite reach to the state line. Part of the woodland lies in Maryland and part thereof in Sussex. The trespass proved was by cutting and clearing a road between ten and twelve feet wide, not less than sixty nor more than one hundred yards from the head line of the said tract, within this county, parallel to the said line across the woodland.

And if the Court should be of opinion etc. then etc. and if etc. then etc.

*James P. Wilson, pro quaerente. Nicholas Ridgely,* attorney for defendant.